IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Damion Antwon Carmichael, #295568, | ) | C.A. No. 0:08-cv-496-RBH-GCK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Ms. Vera Jenkins (IGC) and Mr. Ingram (Public Defender), | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Damion Antwon Carmichael ("Plaintiff"), brought this civil action pursuant to 42 U.S.C. § 1983 on February 14, 2008. (Doc. # 1.) Plaintiff also moved for leave to proceed *in forma pauperis*. (Doc. # 2.) This matter was referred to United States Magistrate Judge George C. Kosko pursuant to 28 U.S.C. § 636(b) and Civil Rule 73.02(B) (D.S.C.). On March 17, 2008, Magistrate Judge Kosko granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. # 8.) In accordance with this same statute, Magistrate Judge Kosko reviewed Plaintiff's complaint *sua sponte* under the provisions found in Section (e), and filed a Report and Recommendation (the "Report"). (Doc. # 9.)

This matter now comes before this Court for review of the Report. In the Report, the Magistrate Judge recommends that the District Court dismiss the Plaintiff's Complaint for failure to state a claim upon which relief can be granted. *Id.*

On March 27, 2008, the Plaintiff filed objections to the Report (the "Objections"). (Doc. #11.) Thereafter, the Court reviewed the Report and the Plaintiff's Objections. In conducting this review,

1

the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

For his Complaint, the Plaintiff seeks relief on the basis that "his sentence was excessive and was treated differently than any other convicted felon involved in his case." (Doc. # 1.) Plaintiff's specific grounds sound in *habeas* relief, citing "newly discovered evidence, ineffective assistance, and gross negligence." *Id.*

The Magistrate concluded, *intra alia*, that the Plaintiff's claims should be dismissed because he "has failed to establish that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ of *habeas corpus* has been issued...." (Doc. # 9.) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff filed objections to the Magistrate Judge's findings, opining that "he submitted facts that shows that this is an isolated incident of him being placed in punitive segregation unlawfully and how the time has been expired for the Institution to bring about any charge if it was pending." Doc. # 11.) Plaintiff further cites *Porter v. Nussle*, 534 U.S. 516 (2002), for the proposition that "[T]he Court of Appeals for the Second Circuit reversed and remanded stating ordinarily, Plaintiffs pursuing civil rights claims under 42 U.S.C. 1983 need not exhaust administrative remedies before filing suit." *Id.*

The Court has carefully reviewed the Plaintiff's Objections and finds the case law inapposite to his case. While the Second Circuit held in *Nussle v. Willette*, 224 F.3d 95, 106 (2nd Cir. 2000) that the exhaustion of administrative remedies is not required for prisoner claims of assault or excessive force brought under 42 U.S.C. 1983, it was reversed by the Supreme Court, which held that "the PLRA's exhaustion requirement applies to <u>all inmate suits about prison life</u>, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (emphasis added).

Therefore, in light of the standard set forth in *Wallace,* the Court has reviewed, *de novo*, the Report and the Objections. After careful review of the Report and Objections thereto, the Court **ADOPTS** the Report, (Doc. #9), and **DISMISSES** Plaintiff's Complaint without prejudice and without issuance of service of process.

**IT IS SO ORDERED**.

                                              S/R. Bryan Harwell
                                              United States District Judge

July 24, 2009
Florence, South Carolina